UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Richard Logsdon, )
              Plaintiff )
)
)     Case No. 05-1242
)
Dennison Corp. d/b/a Bob Dennison
Auto Center, )
              Defendant )

## ORDER

Now before the court is the Plaintiff's motion to compel (Doc. #10) answers to interrogatories and responses to document requests. For the following reasons, the motion is denied.

Plaintiff first claims that he served written discovery on December 15, 2005. Defendant's response, on January 18, 2006, was untimely according to Plaintiff. That is incorrect. See Fed.R.Civ.P. 6(a) and (e) and Fed.R.Civ.P. 30.

Plaintiff next claims that Defendant's objections were improper. With respect to his argument that financial information is discoverable in this case, I disagree. The only argument Plaintiff makes for the admissibility of this information relates to his claim for punitive damages. Where the defendant is a corporation, the defendant's wealth is not admissible for the purpose of assessing punitive damages. Zazu Designs v. L'Oreal, 979 F.2d 499 (7th Cir. 1992); Mathias v. Accor Economy Lodging, Inc., 347 F.3d 672 (7th Cir. 2003). The motion to compel production of this information is denied.

In Interrogatory #1, Plaintiff asked for the number of credit applications received by Defendant during calendar year 2004. Defendant responded "unknown." Section

1691(d)(5) of the Act, 15 U.S.C. §1691(d)(5)) makes a distinction between verbal denials of credit and written denials, allowing a plaintiff to satisfy the requirement of adverse action by showing verbal statements, so long as the creditor did not "act on" more than 150 applications during the relevant calendar year.  But that is not the question Plaintiff asked, and the number of applications "received" is not relevant under the statute.  The motion to compel a further answer to this interrogatory is denied.

Finally, Plaintiff asked Defendant to identify and explain any documents it produced that were not authentic or genuine.  Defendant responded "N/A."  Its explanation - that all of the documents were authentic or genuine and that no response was therefore required - is absolutely correct given the wording of the interrogatory.  The motion to compel further answer to this interrogatory is denied.

Because the motion is hereby denied in its entirety, the accompanying request for attorney fees is denied.

ENTER this 10th day of April, 2006.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE