E-FILED
Wednesday, 14 June, 2006  12:37:00 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Richard Logsdon,  )
      Plaintiff  )
            )
            ) Case No. 05-1242
            )
Dennison Corp., d/b/a Bob Dennison  )
Auto Center,  )
      Defendant  )

**ORDER**

Now before the court is the plaintiffs Second Motion to Compel (#19).  In that motion, plaintiff asks the court to compel defendant to respond to a document request that reads as follows:  "All documents relating to 'resources of the creditor,' i.e. resources of Defendant.  15 U.S.C. § 1691e(b)." [statutory citation in original].

The statutory provision mentioned in the request allows for recovery of punitive damages for violation of the Equal Credit Opportunity Act, regardless of whether actual damages are proved.  See Fischl v. G.M.A.C, 708 F.2d 143, 148 5th Cir. 1983);  Smith v. Lakeside Foods, Inc., 449 F. Supp. 171 (N.D.Ill. 1978).  The cited statutory provision also lists the factors that are to be considered in evaluating a claim for punitive damages:

> In determining the amount of such damages in any action, the court[1] shall consider, among other relevant factors,  ... the resources of the creditor...

This statutory permission for the jury to consider the resources of the creditor in

---

[1] In Kobs v. Arrow Service Bureau, Inc., 134 F.3d 893, 898 (7th Cir. 1998), the Court of Appeals thoroughly discussed the meaning of "the court" in a comparable statute, the Fair Debt Collection Practices Act, which contains identical language to that quoted here.  The Seventh Circuit concluded that the statute envisions a jury's determination of the amount of punitive damages, if any, to be awarded.

assessing punitive damages claims is an exception to the general rule that punishment by imposition of punitive damages is improper if based on wealth rather than on misconduct;  for that reason, a defendant's resources generally do not provide a sufficient basis for awarding punitive damages   See, e.g., State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S. 408, 427-28 (2003);  BMW of North America v. Gore, 517 U.S. 559, 585 (1996);  Mathias v. Accor Economy Lodging, Inc., 347 F.3d 672 (7th Cir. 2003); Zazu Designs v. O'Oreal, 979 F.2d 499, 508-09 (7th Cir. 1992).

      Because of the statutory language discussed above, discovery on this issue may be proper at some point in time during this litigation.  There is nothing in the statute, however, that requires the court to allow discovery related solely to punitive damages questions at this time.  Rather, discovery related to the wealth and/or resources of defendant will be allowed if and only if (1) plaintiff's claim survives defendant's summary judgment motion; or (2) plaintiff's motion for summary judgment is successful.

      Under the schedule currently ordered in this case, summary judgment motions are due by July 17, 2006.  Within 14 days after a ruling on any such motions, defendant shall (if this case continues beyond such a ruling) produce documents responsive to this request, without further action by plaintiff.  At the present time, however, the motion to compel is denied.

      ENTER this 14th day of June 2006.

                        /s John A. Gorman

                        JOHN A. GORMAN

                        UNITED STATES MAGISTRATE JUDGE